```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

COLUMBUS BANK AND TRUST COMPANY   *
d/b/a Synovus Leasing Company,
                                  *
     Plaintiff,
                                  *      CASE NO. 4:08-CV-163 (CDL)
vs.
                                  *
ROY W. GRANGER,
                                  *
     Defendant.
                                  *

O R D E R

This action arises from the default of Granger Grading, Inc. on a lease between it and Synovus Leasing Company, which lease was personally guaranteed by Defendant. Upon the default, Plaintiff sold the collateral for less than the debt under the lease. Plaintiff now seeks to recover the deficiency from Defendant pursuant to his personal guaranty. Defendant contends that Plaintiff's sale of the collateral was not commercially reasonable, and, therefore, he is not liable for the deficiency. Plaintiff maintains that the sale was commercially reasonable as a matter of law, and thus it seeks summary judgment for the amount of the deficiency. The Court finds that genuine issues of material fact exist as to the commercial reasonableness of the sale of the collateral. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 10) is denied.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). When a party moves for summary judgment, it is the movant's burden to show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant is entitled to summary judgment if, after construing the evidence in the light most favorable to the non-moving party and drawing all justifiable inferences in its favor, no genuine issues of material fact remain to be tried. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material if it is relevant or necessary to the outcome of the suit. *Anderson*, 477 U.S. at 248. A factual dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *accord Anderson*, 477 U.S. at 248.

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts are undisputed for purposes of the pending summary judgment motion. On or about July 22, 2004, Granger Grading, Inc. entered into Master Lease Agreement No. 0001073 (the "Lease") with Synovus Leasing Company for the purpose of acquiring equipment. (Ex. 1 to Def.'s Dep., June 19, 2009, Synovus Leasing Co. Master Lease Agreement No. 0001073, SYN0001-08, July 22, 2004 [hereinafter Master Lease Agreement].) Defendant, then president of Granger Grading, Inc.,

signed the Lease on behalf of Granger Grading, Inc. (Def.'s Dep. 58:13-59:4, 59:23-60:14; Master Lease Agreement at SYN0008.) At the time Defendant executed the Lease, he also executed a personal guaranty (the "Guaranty") of Granger Grading, Inc.'s obligations to Plaintiff under the Lease. (Def.'s Dep. 63:5-64:1; *see also* Ex. 4 to Def.'s Dep., Guar. of Individual(s) SYN0016-17, July 22, 2004.) Granger Grading, Inc. acquired equipment pursuant to the Lease in 2004 and paid that equipment off early. (Def.'s Dep. 62:22-63:1.) In 2006, Granger Grading, Inc. acquired additional equipment (the "Equipment") pursuant to the Lease. (*See id.* at 65:10-66:12.) The 2006 equipment acquisition was conducted through a schedule (the "Schedule") to the Lease. (*Id.*; *see* Ex. 5 to Def.'s Dep., Schedule at SYN0013, May 30, 2006.) Granger Grading, Inc. defaulted on the Lease in the summer of 2008. (*See* Def.'s Dep. 135:10-14; *see also* Master Lease Agreement at SNY0004-05 (defining default under terms of agreement).) The balance remaining unpaid under the Lease is $783,467.87.[1]

After its default, Granger Grading, Inc. surrendered the Equipment to Plaintiff. (Ex. A to Pl.'s Statement of Material Facts as to Which There is No Genuine Issue to be Tried, Dial Aff. ¶ 6, Aug. 25, 2009 [hereinafter 8/25 Dial Aff.]; *see* Ex. 7 to Def.'s Dep.,

---

[1] Plaintiff's court filings state that the balance remaining unpaid under the Lease is $783,467.90. (Mem. in Supp. of Pl.'s Mot. for Summ. J. 3, 6; Ex. A to Pl.'s Statement of Material Facts as to Which There is No Genuine Issue to be Tried, Dial Aff. ¶ 5, Aug. 25, 2009 [hereinafter 8/25 Dial Aff.].) However, based on Plaintiff's explanation of its calculation, the Court calculates the balance as $783,467.87.

Consent Order, Feb. 20, 2009.)  Plaintiff took possession of the Equipment and had it sold at a public auction by JM Wood Auction Company.  (8/25 Dial Aff. ¶ 7.)  At auction, the Equipment sold for $279,931.85 after costs incurred by Plaintiff for cleaning, painting, and repairs were deducted (*id.* ¶¶ 7, 10), leaving a deficiency of $503,536.02.[2]  Plaintiff seeks to recover this deficiency from Defendant pursuant to his personal guaranty.

## DISCUSSION

It is clear that Defendant's Guaranty covers the lease obligations in question.[3]  The sole issue for determination is whether Plaintiff's sale of the Equipment was commercially reasonable.  If it was, Plaintiff is entitled to recover the deficiency from Defendant. Further, if no genuine issue of material fact exists as to the commercial reasonableness of the sale, Plaintiff is entitled to summary judgment for the amount of that deficiency.

---

[2] Plaintiff's court filings state that the deficiency is $503,536.05. (Mem. in Supp. of Pl.'s Mot. for Summ. J. 1, 6; 8/25 Dial Aff. ¶ 11.) However, based on Plaintiff's explanation of its calculation, the Court calculates the deficiency as $503,536.02.

[3] Defendant's contention that his Guaranty does not apply to the Schedule to the Lease is without merit.  In his Guaranty, Defendant "unconditionally guarantee[d] the prompt and satisfactory performance by [Granger Grading, Inc.] of all covenants, agreements and obligations of [Granger Grading, Inc.] contained in the [Master Lease Agreement], any renewals, supplements and extensions thereof . . . ."   (Guar. of Individual(s) at SYN0016.)  Defendant further guaranteed that "all sums payable by [Granger Grading, Inc.] under the [Master Lease Agreement] . . . will be promptly paid when due in accordance with the provisions thereof."  (*Id.*)  The Schedule clearly states that it is "pursuant to the Synovus Master Lease Agreement 1073 (the 'Master Lease')" and that "all of the terms of the Master Lease are hereby incorporated by reference into this Schedule . . . ."  (Schedule at SYN0013.)  Therefore, by the Guaranty's plain terms, it applies to the Schedule.

"After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." O.C.G.A. § 11-9-610(a). "Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable." O.C.G.A. § 11-9-610(b). The secured party has the burden of proving that the sale was commercially reasonable. *Farmers Bank, Union Point v. Hubbard*, 247 Ga. 431, 435, 276 S.E.2d 622, 626 (1981). Commercial reasonability is "normally an issue for the jury." *Atl. Coast Fed. Credit Union v. Delk*, 241 Ga. App. 589, 591, 526 S.E.2d 425, 427 (1999). However, "[c]ommercial reasonability is an appropriate subject of summary judgment when the secured creditor makes a prima facie showing that the sale was reasonable and the debtor fails to assert specific facts showing a genuine issue for trial." *McMillan v. Bank South, N.A.*, 188 Ga. App. 355, 356, 373 S.E.2d 61, 62 (1988).

A.  <u>Manner of Collateral Sale</u>

Here, Plaintiff has shown by affidavit that the collateral was sold "in public, during normal business hours, with adequate notice, within a short time of repossession at an auction sale calculated to bring a reasonable price for the Equipment." (Ex. A to Pl.'s Reply in Supp. of its Mot. for Summ. J., Dial Aff. ¶ 4, Oct. 22, 2009

5

[hereinafter 10/22 Dial Aff.].)[4] Plaintiff further demonstrated that such a sale conducted by a reputable auction company, such as JM Wood Auction Company, "is the standard practice in the equipment leasing industry and is known to maximize as much as possible the price that can be obtained for used equipment."[5] (8/25 Dial Aff. ¶¶ 7, 9.) "If a secured party disposes of the collateral in conformity with the usual commercial practices among dealers in that type of property, he has sold it in a commercially reasonable manner." *Carter v. First Fed. Sav. & Loan Ass'n of Atlanta*, 179 Ga. App. 532, 536, 347 S.E.2d 264, 268 (1986); *see also* O.C.G.A. § 11-9-627(b) ("A disposition of collateral is made in a commercially reasonable manner if the disposition is made . . . in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition."). "[T]he fact that a better price could have been obtained by a sale at a different time or in a different method . . . is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner." *Farmers Bank*, 247 Ga. at 435, 276 S.E.2d at 626 (second alteration in original)

---

[4]Defendant's Motion to Strike Affidavit Submitted By Movant With Reply Brief As Untimely Submitted (Doc. 17) is denied. Local Rule 7.3 allows "[m]ovant's counsel [to] serve any desired reply brief, argument, or affidavit." Further, Federal Rule of Civil Procedure 56(e)(1) provides that the Court may allow an affidavit supporting summary judgment "to be supplemented or opposed by . . . additional affidavits." Regardless, even considering Plaintiff's supplemental affidavit, Plaintiff's motion for summary judgment fails.

[5]Although Defendant denies that JM Wood was a reputable auction company, Defendant cited no evidence supporting his denial. (Def.'s Resp. to Pl.'s Statement of Material Facts to Which There is Not Dispute ¶ 24.)

(internal quotation marks omitted); *accord* O.C.G.A. § 11-9-627(a). Because Defendant offered no evidence to the contrary, the Court finds that Plaintiff's method and manner of sale were commercially reasonable.

### B.  Collateral Sale Terms

Defendant, however, also challenges the adequacy of the sale price. *See Bales v. Cent. Bank & Trust Co.*, 204 Ga. App. 675, 676, 420 S.E.2d 358, 359 (1992) ("Since O.C.G.A. § 11-9-504(3) [former codification of O.C.G.A. § 11-9-610(b)] itself recognizes that the 'manner' and the 'terms' are separate and distinct aspects of the commercial reasonableness of a post-default disposition of the collateral, it follows that the commercial reasonableness of each of those aspects is likewise a separate and distinct issue.").

> [I]n order for the secured party to first meet its burden of proving every aspect of the sale to be commercially reasonable, it must establish affirmatively that the 'terms' of the sale were commercially reasonable; this includes a burden to show that the resale price was the fair and reasonable value of the collateral.  The burden is on the secured party to prove the value of the collateral at the time of repossession and that such value does not equal the debt; failure to so prove results in a presumption that the value was at least the amount of the debt.

*Farmers Bank*, 247 Ga. at 435, 276 S.E.2d at 626 (citations omitted) (quoting *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778, 779, 230 S.E.2d 43, 44 (1976)).  Further, the price obtained at a legally conducted foreclosure sale constitutes no

7

evidence of the value of the collateral. *Id.* at 436, 276 S.E.2d at 626.

Here, Plaintiff's only evidence of the Equipment's fair and reasonable value are the affidavits of Synovus Vice President of Risk Management Amy Dial. Dial averred that "due to the current economic conditions, the fair market value of equipment is significantly less than it was a[t] the time Defendant leased the equipment" and further stated that "[t]he sale of the two-and-a-half year-old Equipment for $279,931.85 in an economically depressed market represents the fair market value of the Equipment at the time it was sold by JM Wood." (10/22 Dial Aff. ¶¶ 5-6.) Defendant, however, countered with his own affidavit which stated that "the proceeds of the auction did not represent a fair and reasonable value of the equipment." (Ex. 1 to Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J., Def.'s Aff. ¶ 7, Oct. 6, 2009.) These opposing affidavits create a genuine issue of material fact as to the fair and reasonable value of the Equipment collateral. *See Webb v. Assocs. Commercial Corp.*, 207 Ga. App. 319, 320, 427 S.E.2d 821, 823 (1993) (reversing grant of summary judgment where opposing affidavits disputed fair and reasonable value of collateral); *Gilbert v. Farmers & Merchs. Bank*, 192 Ga. App. 700, 701-02, 385 S.E.2d 782, 783-84 (1989) (same); *Davis v. Ford Motor Credit Co.*, 164 Ga. App. 137, 138, 296 S.E.2d 431, 432 (1982) (same); *see also Bales*, 204 Ga. App. at 676, 420 S.E.2d at 360 ("For purposes of summary judgment, a plaintiff-creditor may not meet his burden of

8

proving the value of the collateral by opinion testimony."); *Cent. & S. Bank of Ga. v. Craft*, 190 Ga. App. 576, 576, 379 S.E.2d 432, 433 (1989) (refusing to "hold as a matter of law that the bank officer's opinion of the worth of the car was sufficient to legally require a finding in [bank's] favor").  Since a genuine issue of material fact exists as to the fair and reasonable value of the Equipment collateral, "there exists a genuine issue of material fact as to whether the sale price equalled the fair market value of the equipment, and consequently, whether [Plaintiff is] entitled to a deficiency judgment and, if so, in what amount."  *Gilbert*, 192 Ga. App. at 702, 385 S.E.2d at 784; *see also Farmers Bank*, 247 Ga. at 436, 276 S.E.2d at 627 (stating presumption that value of collateral equals debt on it "is overcome by proving the fair and reasonable value of the collateral, whereupon the creditor is entitled to a deficiency judgment in the amount of the debt (plus or minus any payments or charges properly applicable to the disposition) less the fair and reasonable value of the collateral proved").  Accordingly, Plaintiff's motion for summary judgment is denied.[6]

---

[6] Defendant also disputes Plaintiff's contention that Defendant was given written notice of the time and place of the public auction as required by O.C.G.A. § 11-9-611(b).  (Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J. 6; *see also* Def.'s Aff. ¶ 10.)  Assuming Defendant's contention is correct, the same "rebuttable-presumption" analysis applies. *See Emmons v. Burkett*, 256 Ga. 855, 857-58, 353 S.E.2d 908, 910-11 (1987) (adopting rebuttable-presumption rule that "if a creditor fails to give notice or conducts an unreasonable sale, the presumption is raised that the value of the collateral is equal to the indebtedness").

9

CONCLUSION

For the previously stated reasons, the Court denies Plaintiff's Motion for Summary Judgment (Doc. 10).

IT IS SO ORDERED, this 6th day of January, 2010.

                                               S/Clay D. Land
                                                      CLAY D. LAND
                                       UNITED STATES DISTRICT JUDGE